**SO ORDERED.**

**SIGNED this 10th day of October, 2012.**



Dale L. Somers
United States Bankruptcy Judge

___

For on-line use but not print publication.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

**MELINDA SUE CARMICHAEL,**

**DEBTOR.**

CASE NO. 06-10952
CHAPTER 7

### MEMORANDUM OPINION AND ORDER DENYING TRUSTEE'S MOTION FOR ADEQUATE PROTECTION PAYMENTS

The Chapter 7 Trustee has filed a Motion for Adequate Protection Payments (Motion) to protect the estate's lien in Debtor's manufactured home.[1] Debtor opposes the Motion. After having thoroughly considered the matter, the Court denies the Motion.

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion for adequate protection to protect the estate's interest is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(A) and (O). There is no objection to venue or jurisdiction over the parties.

**FINDINGS OF FACT.**

The facts are evidenced by the court record and are uncontroverted.

Debtor filed for relief under Chapter 7 on June 12, 2006. The Court appointed Edward J. Nazar Trustee. Debtor's Schedule A includes her interest as joint tenant of real property, with a value of $120,000 and subject to a real estate mortgage securing a claim of $70,000. The improvements on the property include a 1999 Duchess Limited manufactured home (Manufactured Home), which is personal property under Kansas law. The lien in the personal property described in the mortgage was not perfected. The mortgaged property is claimed as Debtor's exempt homestead on Schedule C. Schedule D includes the claim of the mortgage lender, and Schedule H lists Matthew Milligan as a codebtor as to the mortgagee's claim. Debtor did not reaffirm the debt secured by the mortgage. Debtor was granted a discharge on October 24, 2006.

In May 2007, the Trustee filed a complaint to avoid the lender's lien on the Manufactured Home because the lien on the home was not properly perfected by notation on the certificate of title. An order entered on June 28, 2008 held the mortgagee's lien in the mobile home was avoidable under 11 U.S.C. § 544[2] and preserved the lien for the benefit of the estate under § 551.

On December 3, 2009, the Trustee filed a complaint seeking authority to sell Matthew Milligan's interest in the Manufactured Home under § 363(h). Debtor opposed the motion. Debtor's motion for summary judgment was granted. The Court ruled in part:

> Subsection 363(h) therefore does not empower the Trustee to sell the homestead property. The Trustee's argument in opposition to Debtor's motion for summary judgment that the

---

[2] Future reference to Title 11 in the text will be referenced by section number only.

2

exempt status of the homestead is irrelevant is misplaced. When the Trustee avoided the lien granted by Debtor in the Manufactured Home, the avoided lien and only the avoided lien became property of the estate under § 541(a)(4). The only property interest which the Trustee may sell under § 363(b) is the estate's one-half interest in the unperfected lien in the Manufactured Home. The Trustee has no authority under § 363(h) to sell the entire homestead as a method to realize the value of that avoided lien.

The Trustee's problem, which he is attempting to solve by this adversary proceeding, is how to realize the value of the avoided lien for the benefit of creditors. The Court holds that the method chosen by the Trustee in this case is not authorized by the Code. It is the combined effect of the exemption of the homestead and the limited consequences of lien avoidance which create the difficulty. If the Mortgaged Property were not the exempt homestead, Debtor's interest on the Mortgaged Property, including the Manufactured Home, would be property of the estate and subject to sale by the Trustee under § 363(b). However, since Debtor's interest in the property the Trustee seeks to sell is Debtor's exempt homestead, § 363(b) does not authorize the sale and § 363(h) is unavailable. As to lien avoidance, under § 544, the Code provides the Trustee no specific remedies other than automatic lien preservation under § 551.28 "Section 551 preserves only 'transfers' and 'liens.' Related ancillary rights held by the party whose lien has been avoided are not preserved for the benefit of the estate." Hence, upon lien avoidance, the trustee "receives only the bundle of rights given him by Congress in the Bankruptcy Code," the status of a holder of an unperfected lien.

***

In the circumstances of this case, the Trustee appears to have at least three alternatives, none of which include sale under § 363(h). First, the Trustee could sell the estate's lien interest to a third party, such as Lender or another entity. Second, the Trustee could enter into an agreement with Debtor for release of the lien upon receipt of a lump sum or periodic payments. Third, the Trustee could await foreclosure by Lender, during which process the estate would receive the value of its interest.[3]

---

[3] Adv. 09-5291, dkt. 35 at 10-11, 13.

3

Because of the Court's ruling, the Trustee decided to close the case, while holding the estate's lien until the real property sold. The Trustee's final report shows the lien as having a value of $30,000. The case was closed on October 18, 2011.

On December 7, 2011, the United States Trustee's Office directed the Trustee to reopen the case and administer the available assets, including the preserved lien. The Court granted the Trustee's motion to reopen the case on March 6, 2012.

On June 7, 2012, the Trustee moved for the entry of an order to require the Debtor to make adequate protection payments under § 361. The Debtor objects.

**ANALYSIS.**

Section 361 provides: "When adequate protection in required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by" cash payments, additional or replacement liens, or other relief. Here the Trustee argues that he is entitled to cash payments under § 361 because: (1) the creditor whose lien was avoided would have been entitled to such payments to protect its interest while foreclosure of its lien was precluded by the § 362 stay; and (2) "the trustee inherits that right when he or she avoids and preserves that interest in property for the benefit of the estate."[4] The Trustee correctly does not assert a right to adequate protection under § 363, addressing use, sale, or lease of property, or § 364, addressing obtaining credit, the two code sections referenced in § 361 in addition to § 362.

The Trustee's "standing in the shoes of" the creditor under § 362 argument suffers from two fatal infirmities. First, since the lien of the creditor whose claim was secured by a lien on

---

[4] Dkt. 109 at 6.

the Manufactured Home was unperfected and subject to avoidance, such creditor would not have been entitled to adequate protection payments in lieu of relief from stay. In *Utah Aircraft Alliance*,[5] the Tenth Circuit BAP affirmed a bankruptcy court's denial of a motion for relief from stay for cause for lack of adequate protection under § 362(d)(1) filed by a creditor holding an unperfected lien. The court noted that a majority of courts have held that § 362(d)(1) does not apply to unsecured creditors and that the minority of courts which have held that unsecured creditors may be protected by §362(d)(1) require extraordinary circumstances. Finding no extraordinary circumstances, the BAP did not predict whether the Tenth Circuit would follow the majority or the minority positions. Likewise, in this case, there are no extraordinary circumstances, so the holder of the unperfected lien in the Manufactured Home would not have been entitled to adequate protection payments with respect to the home as a condition to continuation of the § 362 stay. If the Trustee were entitled to stand in the creditor's shoes under § 362, the Trustee would not be entitled to adequate protection payments.

Second, the Trustee is attempting to step into the shoes of the secured creditor to assert rights under the Code. As this Court has held in this case when denying the Trustee' motion to sell the mortgaged real property and the Manufactured Home located on that property, upon avoidance of a lien under § 544 and preservation of that lien under § 551, the Trustee has only the "status of a holder of an unperfected lien" and "'receives only the bundle of rights given him by Congress in the Bankruptcy Code.'"[6] Consistent with this general principle, case law in this

---

[5] *G & B Aircraft Management v. Smoot (In re Utah Aircraft Alliance*, 342 B.R. 327, 337-338 (10th Cir. BAP 2006).

[6] Adv. 09-5291, dkt. 35 at 11, quoting *Morris v. St. John Nat. Bank (In re Haberman)*, 516 F.3d 1207, 1212 (10th Cir. 2008).

5

circuit has established that the Code does not grant the Trustee the ancillary contractual rights against the debtor that were held by the party whose lien has been avoided.[7] Likewise, there is no basis in the Code for recognizing a "standing in the shoes of" argument as applied to ancillary rights of the creditor against the debtor under the Code. Section 551 does not grant the Trustee the ancillary rights under the Code held by the party who lien has been avoided.

**CONCLUSION AND JUDGMENT.**

The Court denies the Trustee's Motion for adequate protection payments. As the holder of the unperfected lien in the Manufactured Home under § 551, the Trustee has no right to such payments.

**Judgment is granted denying the Trustee's Motion for Adequate Protection Payments.**

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. The judgment based on this ruling stated above will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###

---

[7] *In re Haberman*, 516 F.3d at 1212.